UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:15-cr-10274-IT |
| | * | |
| LARRY GREEN, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 23, 2020

TALWANI, D.J.

On October 20, 2019, while on supervised release, Defendant Larry Green was arrested by the Boston Police Department for allegedly participating in an armed home invasion and robbery. The United States Probation Office sought a revocation of Green's supervised release, alleging that Green violated conditions prohibiting him from committing another federal, state or local crime and possessing a firearm, ammunition, destructive device, or other dangerous weapon. Ex Parte Petition [#55].

With Defendant's consent, the supervised release revocation proceedings were conducted by video conference. At the July 1, 2020 hearing, the government presented testimony from two of the arresting police officers, as well as the police report and sworn statements from other officers. Defendant objected to the court's consideration of any statements from the alleged victims on hearsay grounds and based on Defendant's qualified right of confrontation protected by Fed. R. Crim. P. 32.1(b)(2)(C). See Def.'s Final Revocation Hr'g Mem. [#73]. The court sustained the objection, and although the documents and officer testimony were admitted, the court declined to consider statements by the alleged victims purporting to identify the Defendant.

After the close of evidence, the government proffered additional video evidence and

transcripts of interviews with the alleged victims. Gov.'s Request to Re-Open Evidence [#79]. Defendant objected to the admission of late-proffered evidence, see Def.'s Mem. of Objection [#80], and the court sustained the objection.

On July 9, 2020, following closing argument, the court found that Green more likely than not violated the conditions of his supervised release and revoked his release. The court conducted a sentencing hearing and sentenced Green to two years of incarceration followed by a year of supervised release. See Elec. Clerk's Notes [#82]; Judgment of Revocation and Statement of Reasons [#84].

Green promptly filed a Motion for Reconsideration [#83], arguing that, as the court declined to consider hearsay identification evidence from the victims of the crime, there was "no admissible evidence" that "Mr. Green ever entered the premises" or other physical evidence tying Green to the crime scene. Green's Mot. for Reconsideration 1-2 [#83].[1]

Green misunderstands the circumstantial evidence that the court relied upon in finding that Green, more likely than not, violated the terms of his supervised release. The court found fully credible the unobjected-to portions of the testimony of two percipient police officers. Officer Maykol Garcia testified that, upon arriving and upon hearing screaming coming from the residence, he and Officer James Gigliello immediately proceeded to search the pathway outside the back deck of the house. Officer Garcia turned when he heard Gigliello shout "put your hands up," and saw Green hiding behind air conditioning units under a staircase. Officer Gigliello confirmed this account in his own testimony, stating that he heard screaming when he arrived and ran towards the noises at the back deck of the building. As he proceeded down the path and

---

[1] Defendant does not specify the procedural basis for reconsideration following sentencing, but under Federal Rule of Criminal Procedure 35(a), the court may, within 14 days after sentencing, correct a sentence that resulted from clear error.

searched the area with his flashlight, he discovered Green crouching between two air conditioning units and ordered Green to come out with his hands in the air.[2] In Gigliello's police report, he noted that there was a purple glove in between the air conditioning units where Green emerged from. Other reports noted that officers also found purple gloves in the residence, connecting Green to the home invasion. Finally, Officer Stephen Crimmins' report makes evident that Green was apprehended minutes after the perpetrators left the home, as Crimmins reports that when he arrived, the front door was still locked and there was a commotion inside, and when the alleged victims opened the door shortly thereafter and claimed that the perpetrators had run out of the back door of the residence, he immediately exited the back door in pursuit and saw that Officer Gigliello had already apprehended Green.

Defendant is correct that the court rejected the government's attempt to support its case with hearsay statements by the victims identifying Green as a perpetrator. Nonetheless, considering the remaining circumstantial evidence, including the credible testimony of the percipient arresting officers that Green was discovered hiding just outside the back entry to the home, with a purple glove on the ground beside him, the fact that other purple gloves were discovered by police in and around the residence, and police reports about the short period of time between the arrival of officers and Green's arrest by Officers Gigliello and Garcia, the court found that Green more likely than not perpetrated the home invasion and thereby violated the

---

[2] Defendant tried to undermine this testimony based on the written statement of Officer Cedric Lopes. Lopes reported that he observed the individual later identified as Green "walking towards my direction," that Officer Gigliello also observed the individual, and that they "began ordering the male to the ground . . . ." Officer Gigliello explained, however, that Officer Lopes entered the area from a different vantage point, behind Officers Gigliello and Garcia. The court concludes that there is no discrepancy between the report and the testimony, as Officers Gigliello and Garcia spotted Green first, while he was still hiding between the air conditioning units, and Officer Lopes first saw Green after he emerged from that spot.

conditions of his supervised release.

Accordingly, as Defendant has not shown that the decision was based on clear error and has not otherwise presented a reason for why the court should reconsider its decision, his Motion for Reconsideration [#83] is DENIED.

IT IS SO ORDERED.

Date: July 23, 2020                                                         /s/ Indira Talwani
                                                                            United States District Judge